# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Candace Deloach

v.

Julianne Zavacky

September 26, 2008

Case No. CL06-352

By Judge Edward L. Hogshire

The parties came by counsel on August 22, 2008, at the trial of this matter upon Defendant's appeal of this case from the City of Charlottesville General District Court.

## Findings of Fact

On or about May 13, 2003, Virginia Hamilton Evans purchased a 1985 Alpha Romeo Spider Veloce Convertible (the "Vehicle"). On or about May 17, 2003, Evans reported to the DMV that she purchased the Vehicle for $3,600.00. *See,* Defendant's Exhibit D-1 DMV Report. Evans gifted the Vehicle to Plaintiff as her fortieth birthday present on or about September 26, 2003. On or about August 21, 2005, the Defendant struck the Plaintiff's Vehicle on the driver's side rear quarter panel.

Defense counsel stipulated that the Vehicle was a total loss as it would cost more, approximately $3,863.95, to repair than the value of the Vehicle immediately before the accident, $2,575.00. Richard McInnich ("Plaintiff's Expert") of Auto Appraisal Group, Inc. ("AAG"), testified that he examined Plaintiff's Vehicle on August 31, 2005. Plaintiff's Expert testified that the appraised value of the Vehicle was based on its mechanical and cosmetic conditions, options, originality, and quality of craftsmanship. He also testified that the overall condition of the Vehicle was "Sound." According to AAG's rating, a sound vehicle is a vehicle which is "average

or daily driven." *See*, AAG Report introduced as Plaintiff's exhibit. Plaintiff testified that the fair market value prior to the accident was $7,900.00. Plaintiff's expert testified that the Vehicle's body and undercarriage were in good condition. However, Plaintiff's expert testified that he never moved the vehicle and never raised the vehicle to inspect the undercarriage. He was not aware of the true condition of the Vehicle's body and undercarriage and never noted the extensive rust throughout the Vehicle. He also testified that the upholstery was in good condition, but he did not remove the slip cover on the driver seat. Therefore, Plaintiff's expert was not aware of the true condition of the seat.

The Defendant's experts are the only individuals that testified at trial regarding the salvage value and cost to repair the Vehicle. Michael Styles, of Nationwide Auto Insurance, testified that, on August 25, 2005, he inspected the Vehicle for the purpose of determining the cost to repair. Styles testified that, based upon industry standards, the Vehicle was deemed a total loss because the cost to repair was approximately $3,863.95, which exceeded the Vehicle's pre-accident value of $2,575.00.

Larry Hinton, Defendant's expert, testified that he inspected the Vehicle on September 1, 2005 (ten days after the accident), because Plaintiff was contesting the value of the Vehicle. Hinton testified that the Vehicle's exterior was not the original paint as contended by Plaintiff's expert. Hinton testified that he observed substantial rust on the Vehicle and engine, which was unrelated to the subject accident and was prior to the subject accident. Hinton identified photographs of the Vehicle reflecting substantial rust on the Vehicle and engine. *See*, Defendant's Exhibit D-3 Photographs identified by Hinton.

Pat Liles, Defendant's expert, testified that he inspected the Vehicle on or about October 10, 2005, because Plaintiff was still contesting the value of the Vehicle. Liles testified that he removed the driver's seat slip cover and noticed that the seat was damaged. Liles testified the Vehicle did not have its original paint. He also testified that he was able to inspect the undercarriage of the Vehicle when the vehicle was raised from the ground and that the Vehicle had extensive rust on the body, engine, and undercarriage, which was unrelated to the subject accident and occurred prior to the subject accident. Liles testified that the Vehicle's value before the subject accident was $2,575.00. Liles' opinion was based upon his training and experience and reliance upon the Cars of Particular Interest Black Book ("CPI"). *See*, Defendant's Exhibit D-4 CPI.

The CPI reflects a FAIR vehicle as may be driven on a daily basis, generally in need of a cosmetic restoration, but not a "basket case." According to the CPI, if the Vehicle was in FAIR condition its value was $2,575.00. The CPI reflects a GOOD vehicle as showing very little wear, in very nice condition, and is driven sparingly. According to the CPI, if the Vehicle was in GOOD condition, its value was $4,625.00.

Liles testified that the Vehicle's salvage value is $900.00 and that Plaintiff never surrendered title of the Vehicle to Defendant or to Defendant's insurance carrier. Neither Defendant nor her insurance carrier took possession of the Vehicle after the accident.

### Conclusions of Law

Plaintiff has the burden of proving her case, which requires her to establish the value of the vehicle immediately prior to the accident, immediately after the accident, and the cost to repair the vehicle. Plaintiff failed to introduce any evidence regarding the value of the Vehicle after the subject accident. Plaintiff failed to introduce any evidence regarding the cost to repair the Vehicle. Thus, Plaintiff is unable to refute Defendant's repair estimate of approximately $3,863.95. Plaintiff failed to put on any evidence regarding the "diminished value" of the Vehicle. Plaintiff's expert's opinion must be given diminished weight; he failed to consider all variables and failed to realize that they existed, such as the rust on the undercarriage and the rust throughout the Vehicle that have a bearing on the value of the Vehicle. See, Tittsworth v. Robinson, 252 Va. 151, 475 S.E.2d 261 (1996).

Defendant's experts' opinions are also suspect because they attribute insufficient weight to the low number of miles driven, consequently, the Court finds the condition of the Vehicle prior to the accident was GOOD as defined in the CPI.

The DMV Report, which reflects $3,600.00 as the sales price on May 13, 2003 (two years before the accident), must also be considered as evidence as to the value of Plaintiff's Vehicle.

To determine the correct measure of Plaintiff's damages, the difference between the value of the vehicle immediately before the accident and immediately after the accident must be compared with the cost to repair the vehicle.

In this case, the value before the accident was $4,625.00 and the value after the accident was $900.00 value for salvage; therefore, the difference is $3,725.00. When the cost to repair ($3,863.95) is larger than the difference ($3,725.00) between the value immediately before and immediately after the accident, then the vehicle is deemed a total loss. Given the rationale set forth above, Plaintiff's measure of damages is $3,725.00. Defendant is only responsible for the amount of the judgment, including interests and costs, from the date of the Circuit Court judgment date. See, Nationwide Mut. Ins. Co. v. Tuttle, 208 Va. 28, 155 S.E.2d 358 (1967); Va. Code § 16.1-113.

Therefore, the court hereby adjudges, orders, and decrees as follows. Plaintiff is awarded a judgment against Defendant in the amount of $3,725.00, with interest at the rate of 10% from the date hereof until paid. Exceptions of all Counsel to the rulings of the Court are noted. In

accordance with Rule 1:13 of the Rules of the Supreme Court of Virginia, the Court in its discretion dispenses with endorsements. The Clerk is directed to mail a true copy of the foregoing Order to all counsel of record.